UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO.: 05-37-JGW

**WILLARD BURKHART,**                                                              **PLAINTIFF**

**V.**

**COMMUNITY SERVICES PROJECT, INC.,**                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Willard Burkhart, through counsel, initiated this action in Boone Circuit Court in Boone County, Kentucky. Plaintiff's complaint alleged that his former employer, defendant Community Services Project, Inc. ("CSP"), terminated plaintiff's employment in violation of state and federal employment discrimination laws. The defendant removed the case to this court on the basis of this court's original jurisdiction under the Americans with Disabilities Act ("ADA"); the district court denied plaintiff's subsequent motion to remand back to state court.

Plaintiff alleges that his termination was in violation of Kentucky's "whistleblower" statute, KRS 61.102 (Count I); that defendant committed fraud and negligent misrepresentation under state law (Counts II and III) and that defendant is liable for negligent supervision and negligent retention (Counts IV and V). In addition, plaintiff has brought claims alleging vicarious liability (Count VI), retaliatory discharge (Count VII), intentional infliction of emotional distress (Count VIII), a violation of KRS 337.385 (Count IX), a violation of the ADA (Count X), and entitlement to punitive damages (Count XI). Plaintiff's complaint seeks compensatory and punitive damages, as well as costs, attorney's fees, and interest.

The defendant has filed a motion for partial judgment on the pleadings as to Counts I through VIII, pursuant to Rules 12(b)(6) and 12(c), Fed. R. Civ. P. The defendant does not seek dismissal of plaintiff's claims for the defendant's alleged violations of KRS 337.385 (Count IX) or the ADA (Count X), or for punitive damages (Count XI). Plaintiff opposes defendant's motion, but for the reasons explained herein, it will be granted as to the claims specified.[1]

**I. Facts**

Defendant is a private, not-for-profit corporation that entered into a contract with the Commonwealth of Kentucky to "maintain the upkeep of State highway rest areas and Welcome Center Facilities along I-75" in Boone County, Kentucky. Complaint, ¶1. Plaintiff alleges that the terms of the contract required CSP to hire disabled persons to "maintain an employee staff that consists of a minimum percentage (75%) of disabled workers." *Id.* at ¶4. In September, 2004, CSP hired plaintiff Burkhart, who alleges that he has a "recognized disability and is hearing impaired." Plaintiff alleges that he was hired "to oversee handicap [sic] and disabled workers employed by Defendant," "to maintain the 75% compliance rate," and "to monitor the progress of persons employed with disabilities, serve as the primary advocate for employees with disabilities, insure compliance with the law, monitor the wages and benefits of disabled employees and work with State and Private agencies to recruit additional workers. . .." *Id.* at ¶¶5, 7, 8.

During the fall and winter of 2004, plaintiff "started reporting to his Supervisors that many disabled employees were being wrongly terminated, and denied a grievance hearing in accordance with

---

[1]The parties have consented to disposition by the magistrate judge pursuant to 28 U.S.C. §636(c).

their employee handbook." ¶14. During the same period of time, plaintiff reported "the many violations of law and regulations that Defendant was engaging in against Handicap [sic] employees" to the Kentucky Office of Vocational Rehabilitation and to the Department of Highways. ¶17 and 18. Plaintiff alleges that on December 21, 2004, his immediate supervisor sent a memorandum copied to the President of the defendant, "that accused Plaintiff of failing at his job and intimidating the Plaintiff for reporting the statutory work violations and ADA violations to State Agencies." Plaintiff alleges that he was denied reasonable accommodation for his disability and ultimately terminated from his employment on December 31, 2004 in retaliation for his "reporting illegal conduct to State agencies." ¶58.

## II. Analysis

### A. Applicable Standards

Defendants' motion to dismiss cites both Rule 12(b)(6) and Rule 12(c), Fed. R. Civ. P. Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Under the rule, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). Thus, a complaint will be dismissed "if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." *S&M Brands, Inc. v. Summers,* 393 F. Supp.2d 604, 611 (M.D. Tenn. 2005) *citing Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978)). When reviewing a complaint under Rule 12(b)(6), a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "A district court need

not, however, accept as true legal conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)(citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

The standard applicable to motions for judgment on the pleadings pursuant to Rule 12(c) is virtually identical to the standard employed under Rule 12(b)(6). *Id.* at 689 (*citing EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). As under Rule 12(b)(6), a district court reviewing a complaint under Rule 12(c) "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.; Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir. 2001)(additional citations omitted).

As a general rule, when considering a motion to dismiss under either Rule 12(b)(6) or Rule 12(c), "[m]atters outside the pleadings are not to be considered." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Although the provisions of Rule 12 must be read in conjunction with the "notice pleading" standard of Rule 8(a), "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)(citations omitted). "In practice, a ...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original, quotes omitted). A plaintiff cannot rely upon a memorandum in opposition to a motion to dismiss in order to cure deficiencies in his complaint. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2nd Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999). In this case, the plaintiff has not moved to amend his complaint.

**B. Count I - KRS 61.102**

Count I of the complaint alleges that the defendant has violated the Whistleblower statute, KRS §61.102. Plaintiff alleges that the defendant "was authorized via a State Contract with the Department of Transportation, to act on behalf of the Commonwealth, with respect to policy or supervision, in a managerial capacity, of subordinate employees." Complaint, ¶29. Plaintiff alleges that his termination was "in violation of KRS 61.102."

The relevant statute states in part that:

> No employer shall subject to reprisal...any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of ...any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

KRS §61.102(1). The statute further provides: "No employer shall subject to reprisal or discriminate against, or use any official authority or influence to cause reprisal or discrimination by others against, any person who supports, aids, or substantiates any employee who makes public any wrongdoing set forth in subsection (1) of this section."

The term "employer" in the statute is defined as:

> [T]he Commonwealth of Kentucky or any of its political subdivisions. Employer also includes any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to formulation of policy or the supervision, in a managerial capacity, of subordinate employees.

KRS §61.101(2). The "any person" language of KRS 61.101(2) merely "binds the Commonwealth and its agencies for the acts of policy makers and managers." *Cabinet for Families and Children v.*

*Cummings*, 163 S.W.3d 425, 431 (Ky. 2005). In order to prove a violation of the statute "the employer must be an officer of the state or one of its political subdivisions." *Woodward v. Commonwealth*, 984 S.W.2d 477, 480 (Ky. 1998). In this case, the plaintiff has alleged that the defendant is an independent contractor and not a state agency. Complaint ¶3 ("Defendant is a non-profit corporation that maintains a contract with the state of Kentucky"). The whistleblower statute clearly does not apply to independent contractors. Plaintiff's assertion that the defendant "was authorized via a State Contract...to act on behalf of the Commonwealth, with respect to policy or supervision, in a managerial capacity, of subordinate employees," is not sufficient to state a claim under the statute.

In addition to the requirement that the employer be either the state or a state agency, the statute requires that "the employee must be a state employee or an employee of a political subdivision." *Id.* at 480-81. Plaintiff alleges that he was an employee of the defendant, not an employee of a state agency. Complaint, ¶5. The term "employee" as defined in the whistleblower statute "means a person in the service of the Commonwealth of Kentucky, or any of its political subdivisions, who is under contract of hire, express or implied, oral or written, where the Commonwealth, or any of its political subdivisions, has the power or right to control and direct the material details of work performance." KRS §61.101 (1). Because plaintiff fails to allege that he was an employee of the state or a political subdivision, and because the defendant is clearly an independent contractor, plaintiff cannot state a claim under the whistleblower statute as a matter of law.

### C. Fraud Claim - Count II

Although "notice pleading" is generally sufficient, *see* Rule 8, Fed. R. Civ. P., a count for fraud

must at a minimum "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993)(internal quotations and citation omitted). Nonspecific allegations of fraud are inadequate to plead a cause of action. *Pendleton Bros. Vending, Inc. v. Commonwealth*, 758 S.W.2d 24, 28 (Ky. 1988). In order to state a claim for fraud in Kentucky, a party must establish by clear and convincing evidence the following six elements: 1) a material representation; 2) which is false; 3) which is known to be false or made recklessly; 4) which is made with inducement to be acted upon ; 5) which is acted in reliance thereon; and 6) which causes injury. *UPS v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

In this case, defendant argues that the complaint contains no allegation to support the fifth element of a claim of fraud - that the plaintiff relied to his detriment on any alleged material misrepresentation. The allegations in the complaint which relate to fraud are as follows:

> 6. During the interview process, The President of Defendant told the Plaintiff, that the Defendant made over $5.3 million in profit the previous year, and bragged about how much money the Defendant was taking from the State of Kentucky.
>
> 7. Plaintiff's job duties were to maintain the 75% compliance rate with the State of Kentucky and he was required to work closely with Defendant's Regional Managers, Project Supervisors, and Lead Supervisors in the hiring process of disabled persons.
> . . . . .
>
> 34. Defendant made a material representation to Plaintiff regarding his employment responsibilities detailed in Paragraph 6-7.
>
> 35. These representations were false in that the Defendant never intended to allow Plaintiff to perform his job descriptions and wanted Plaintiff to rubber stamp Management decisions which resulted in violations of law.
>
> 36. Defendant knew that it never intended to allow Plaintiff to perform the duties

described in paragraph 6-7 and/or made the material misrepresentation to the Plaintiff recklessly.

37. Defendant made these representations with the knowledge that Plaintiff would agree to work with the disabled employees.

38. As a result of the misrepresentation Plaintiff suffered a hostile work environment and was expected to assist in the fabrication of reports subject to State Agency review.

Complaint ¶¶6-7, 34-38.

In his response in opposition to defendant's motion to dismiss his claim, plaintiff argues that the misrepresentation upon which plaintiff relied to his detriment was the statement made to plaintiff during his interview that the defendant would maintain a "75 percent compliance rate with the State for the number of disabled employees employed by Defendant." In other words, plaintiff alleges that he was harmed by accepting employment with the defendant (because he suffered a "hostile work environment") on the basis of the defendant's promise to adhere to its state contractual requirements. Construing the allegations of the complaint liberally, as this court must, these allegations are stated in ¶¶ 37-38.

Defendant argues that plaintiff's allegation of detrimental reliance is insufficient under Kentucky law. Although plaintiff's allegations are minimalistic, they contain sufficient particularity to avoid dismissal at this early stage of the proceedings. [2]

### D. Negligent Misrepresentation -Count III

Count III of plaintiff's complaint incorporates by reference all preceding paragraphs of the

---

[2]In the event that this court were to conclude otherwise, plaintiff requests the opportunity to amend his complaint "as details of Defendant's fraud become known." However, plaintiff should already be aware of the essence of his fraud claim. *See* Rule 11, Fed. R. Civ. P.

8

complaint. With regard to the specific claim of negligent misrepresentation, plaintiff alleges:

> 40. Defendant made a material representations [sic] to Plaintiff regarding his employment responsibilities detailed in Paragraph 6-7.
>
> 41. This representation were [sic] false in that the Defendant never intended to perform his job descriptions and wanted Plaintiff to rubber stamp Management decisions.
>
> 42. Defendant knew that it never intended to allow Plaintiff to perform the duties described in paragraph 6-7 and/or made the material misrepresentations to the Plaintiff recklessly.
>
> 43. Defendant made this representation with the knowledge that Plaintiff would agree to work with the disabled employees.
>
> 44. As a result of these misrepresentations, Plaintiff suffered a hostile work environment and was expected to assist in the fabrication of reports subject to State Agency review.

Kentucky has adopted the definition of negligent misrepresentation outlined in the Restatement (Second) of Torts §552:

> (1) One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Presnell Construction Managers, Inc. v. EH Construction, LLC*, 134 S.W.3d 575, 580 (Ky. 2004). The defendant argues that plaintiff fails to allege either justifiable reliance or pecuniary loss in his complaint, suggesting that plaintiff fails to "state anywhere in the complaint that he justiably relied on Defendant's misrepresentations in accepting the job." Defendant concedes that "Had Plaintiff simply stated that in reliance on Defendant's misrepresentations he accepted employment, this court could allow the [cause of action] to go on, inferring that the reliance was justified in these circumstances."

Reply at 11.

As with plaintiff's allegations of fraud, his allegations in support of his negligent misrepresentation claim, taken in combination and construed liberally, are *nearly* sufficient to survive defendant's motion to dismiss. Although plaintiff's allegations are not as direct as they could have been, ¶¶ 37 and 43 of the complaint suggest that plaintiff accepted his job based upon Defendant's representation that it would adhere to its contractual obligations with the state. Thus, plaintiff's complaint could be interpreted as alleging that the defendant, in the course of its business with Kentucky in which it had a pecuniary interest, supplied false information (the 75% quota), upon which the plaintiff justifiably relied in accepting employment with the defendant.

On the other hand, even the most liberal construction of plaintiff's complaint cannot discern any allegation which alleges pecuniary loss. A claim for negligent misrepresentation requires proof of such loss. Although plaintiff alleges that he was terminated from employment at a later point in his complaint, that allegation is not made in connection with plaintiff's claim for negligent misrepresentation.

In the interest of justice, the court will permit plaintiff to amend his claim for negligent misrepresentation to allege pecuniary loss, *if such an allegation can be reasonably made in compliance with Rule 11, Fed. R. Civ. P.* If seasonable amendment is made, the court will permit plaintiff to proceed with discovery on this claim.

**E. Negligent Supervision and Negligent Retention- Counts IV and V.**

To state a cause of action for either negligent retention or negligent supervision under Kentucky law, a plaintiff must allege that "the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed," and that "the employee's placement or retention at

that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000). In this case, plaintiff alleges that the defendant "had a duty to exercise ordinary care in supervising personnel in their administration of Defendant's business." Complaint at ¶46. Plaintiff alleges that the defendant breached this duty "by failing to supervise its employees despite having actual or constructive knowledge of Plaintiff's reports of violations of laws and his subsequent unjustified termination" and "failed to carry out this duty and even approved said termination." *Id.* at ¶¶47-48. Plaintiff alleges that he "was injured and ...will continue to suffer injury" as a result of defendant's negligence. *Id.* at ¶49. Finally, Count V alleges that defendant "had a duty to exercise ordinary care in employing personnel who would refrain from committing tortuous [sic] acts/or violations of law against fellow employees" and that defendant "took no action to protect the Plaintiff even though Plaintiff gave notice that many violations of law existed at Defendant's worksite." *Id.* at ¶¶51-52.

Plaintiff's allegations fail to state a claim because the Kentucky's Worker's Compensation "statute and Kentucky case law...make it clear that the Workers' Compensation Act provides the exclusive remedy where a covered employee is injured by her employer's negligent actions." *Grego v. Meijer, Inc.,* 239 F. Supp.2d 676, 683 (W.D. Ky. 2002); *Bischoff v. Sears, Roebuck & Co.,* 861 F.2d 719 (6th Cir. 1988)(unpublished, text available on Westlaw)("This statute makes it clear that the worker's compensation act provides the exclusive remedy for Ms. Diamond's death even if Kentucky does recognize the tort of negligent hiring and retention and even if Bischoff can prove that Sears was negligent in its hiring and retention of Mr. Harris [plaintiff's co-worker and murderer]"). "[T]he exclusivity provision of Kentucky Worker's Compensation Act bars negligent supervision claims between an employer and employee." *Grego*, 239 F. Supp.2d at 683.

Plaintiff argues that because he has not alleged a workers' compensation claim, the cited cases are inapposite. However, the cases cited above did *not* involve concurrent claims for workers' compensation benefits; therefore, the case law is not distinguishable. Accordingly, plaintiff's claims for negligent hiring and retention are statutorily barred by the exclusivity provisions of the Kentucky's Worker's Compensation Act.

Alternatively, plaintiff's claims are subject to dismissal based upon his failure to allege key elements. Plaintiff's allegations are highly generalized and conclusory rather than specific. For instance, plaintiff has failed to allege that the defendant hired or retained any particular supervisor who was unfit for his or her job, and who posed an unreasonable risk of harm to the plaintiff.

This court need not accept, in the absence of any factual allegations in support, bare legal assertions that a corporate defendant had a duty to supervise its employees and failed to satisfy that duty. *See Booker v. GTE.net LLC,* 350 F.3d 515, 517 (6th Cir. 2003). Alleging that the Defendant failed to act *after* learning of plaintiff's "unlawful termination" cannot support a negligent hiring or retention claim, absent an allegation that the defendant was *previously* aware that plaintiff's supervisor was unfit for his/her job and/or that the supervisor was likely to harm the plaintiff. In light of the absence of allegations which would support the key elements of such claims, plaintiff's claims for negligent hiring and for negligent retention must be dismissed. *See, e.g., James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir. 2002).

### F.  Vicarious Liability - Count VI

Plaintiff alleges in Count VI that "Defendants' employees were acting within the scope of their employment and said decisions affecting Plaintiff were made by Executive and Upper management of

Defendant." The claim is labeled "Vicarious Liability." Vicarious liability is a legal theory used to impute tort liability to third parties and is not an independent cause of action. As defendant notes, if viewed as a separate "claim," Count VI contains no allegation of injury or claim for damages. To the extent that plaintiff is attempting to assert a separate cause of action against the defendant based upon the actions of defendant's employees, the claim should be dismissed. *See Patterson v. Blair*, 172 S.W.3d 361, 363 (Ky. 2005).

Defendant argues that plaintiff's allegations are too vague to support even the legal theory of recovery of vicarious liability against the defendant, and/or that the theory is subsumed by plaintiff's claim under the ADA. The case cited by defendant for the latter principle, however, refers to Title VII as providing the "sole *federal* remedy" for a claim of retaliation based on a violation of Title VII, where the claims were brought under both Title VII and 42 U.S.C. §1983. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 795 (6th Cir. 2000)(emphasis added). Plaintiff's claims for fraud and negligent misrepresentation fall under state law, not under §1983. To the extent that plaintiff is simply using the label "vicarious liability" to assert a legal theory for defendant's liability under state law rather than federal law, plaintiff's theory of recovery is not subject to dismissal at this time. *But see Booker v. GTE.Net LLC,* 350 F.3d 515 (dismissing vicarious liability claim where employee's act was not in furtherance of employer's business).

### G. Retaliatory Discharge - Count VII

Count VII of plaintiff's complaint alleges that the plaintiff was terminated in retaliation for reporting to state agencies various ethical and legal violations at defendant's work sites. Defendant first argues that plaintiff's retaliation claim is pre-empted by plaintiff's ADA claim. Plaintiff's state law

13

retaliation claim is not necessarily pre-empted or subsumed by his ADA claim. Again, the case relied upon by defendant, *Morris v. Oldham County Fiscal Court*, 201 F.3d at 795, held only that a claim brought under 42 U.S.C. §1983 for retaliation was properly dismissed where the same federal claim was brought under Title VII - not that all retaliation claims *under state law* were pre-empted by the existence of a similar ADA claim. See also generally Penny v. UPS, 128 F.3d 408, 415 (6th Cir. 1997)(retaliation claims treated the same whether brought under ADA or Title VII). Moreover, in this case the factual allegations for the state and federal claims differ slightly. Plaintiff's retaliation claim under the ADA appears to allege not only that plaintiff was terminated, but also that plaintiff's conditions of employment were adversely affected. By contrast, plaintiff's retaliation claim under state law focuses exclusively on plaintiff's termination.

Defendant alternatively argues that Kentucky does not recognize a claim for retaliation. Although it is true that a claim for retaliatory discharge is not ordinarily recognized under Kentucky law, a critical exception exists where "the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment." *Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985). Construing plaintiff's allegations liberally, it can be inferred that plaintiff is alleging that he was terminated for refusing to stand silently while the defendant violated unspecified labor laws. However, because Kentucky construes the exception to at-will employment narrowly, plaintiff will be required to amend his pleadings to identify the law which plaintiff either failed or refused to violate during his employment. *See McGuire v. Bourbon Community Hospital*, 2006 WL 208826 (E.D. Ky. 2006)(*citing Wyant v. SCM Corp.,* 692 S.W.2d 814, 815-16 (Ky. Ct. App. 1985)(supervisor who claimed he had been fired for advocating a co-worker's right to receive overtime pay had no claim

where "there was no proof that [the co-worker] possessed a statutory right to overtime pay"). At this preliminary stage of the proceedings, plaintiff's allegations are sufficient to withstand defendant's motion to dismiss his retaliation claim under state law if appropriate amendment is made.

### H.  Intentional Infliction of Emotional Distress - Count VIII

Count VIII attempts to state a claim for "intentional infliction of emotional distress" or "IIED." Under Kentucky law, recovery for the intentional infliction of emotional distress is available in cases where existing causes of action are insufficient to encompass the conduct alleged. That is not the case here, where the plaintiff has alleged claims under the Kentucky Civil Rights Act, the ADA, and a host of other theories. *Compare Messick v. Toyota Motor Manufacturing, Kentucky, Inc.,* 45 F. Supp.2d 578, 582 (E.D. Ky. 1999)(claim dismissed where damages for emotional distress were available through Kentucky Civil Rights Act, and the alleged conduct was not intended only to cause extreme emotional distress); *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001); *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993). In addition, plaintiff alleges that the defendant's actions against him were taken "for financial reasons," which allegation is incompatible with any contention that the defendant's actions were taken *solely* for the purpose of causing emotional distress. *See* Complaint at ¶60; *Messick  v. Toyota Motor Manufacturing, Kentucky, Inc.,* 45 F. Supp.2d at 582. As plaintiff's emotional distress claim is preempted by his ability to recover under other theories, his IIED claim is subject to dismissal under Kentucky law. Plaintiff's claim is also subject to dismissal because of his failure to allege that defendant's actions were taken solely with the intention to cause plaintiff emotional distress.

Plaintiff's IIED claim is alternatively subject to dismissal because his allegations are insufficient

to show the key elements of such a claim under Kentucky law. Plaintiff argues that the fact that the defendant "intentionally, recklessly, and publicly denigrated Plaintiff's character and terminated his employment for financial reasons," qualifies as "extreme and outrageous conduct" sufficient to satisfy the Kentucky standard. Complaint at ¶60. Plaintiff contends that he has suffered "emotional distress, embarrassment, humiliation, disgrace, loss of reputation and mental suffering" as a result of defendant's conduct. *Id.* at 62.

"An action for outrage will not lie for 'petty insults, unkind words and minor indignities'; the action only lies for conduct which is truly 'outrageous and intolerable.'" *Banks v. Fritsch,* 39 S.W.3d at 480 (footnote and citation omitted). In employment cases, "[m]ere termination clearly does not rise to the level of outrageous conduct required to support an IIED claim." *Benningfield v. Pettit Environmental, Inc.,* 183 S.W.3d 567, 571 (Ky. Ct. App. 2005); *see also Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999). Plaintiff's perception of what is extreme and outrageous notwithstanding, his allegations fall short of the very high standard necessary to state a claim under Kentucky law. *See, e.g., Humana of Kentucky, Inc. v.* Seitz, 796 S.W.2d 1, 3 (Ky. 1990)(conduct of nurse, who told a patient who had delivered a still-born child to "shut up" because she was bothering other patients, and that the child would be "disposed of" in the hospital, not sufficient to meet "outrageous" threshold); *see also Stringer v. Wal-Mart Stores, Inc.* 151 S.W.3d 781, 790-791 (Ky. 2004)(summarizing Kentucky cases which did not satisfy the "outrageous" standard).

Plaintiff also has failed to allege that he suffered from *severe* emotional distress. To meet the standard, "the injured party must suffer distress that is 'substantially more than mere sorrow.'" *Bennington*, 183 S.W.3d at 572 (*citing Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999)).

16

"[M]ere embarrassment does not rise to the level required to meet the ...standard." *Id.* As the allegations in plaintiff's Complaint are wholly insufficient to state a claim for intentional infliction of emotional distress under Kentucky law, plaintiff's claim must be dismissed.

### III. Conclusion and Order

For the reasons stated herein, **IT IS ORDERED THAT:**

1. Defendant's motion for partial dismissal of the claims brought against it [DE #12] is **granted** in part, as fully explained herein;

2. Count I (whistleblower), Count IV (negligent supervision), Count V (negligent retention), Count VIII (intentional infliction of emotional distress) of plaintiff's complaint are hereby **dismissed** under Rule 12(b)(6) and 12(c). Count VI (vicarious liability) is likewise dismissed insofar as it attempts to assert a separate cause of action;

3. Plaintiff shall amend his complaint to allege his claims for misrepresentation (Count III) and for retaliatory discharge (Count VII) with greater particularity within twenty (20) days of the date of this order, failing which those claims may be dismissed for the reasons stated herein;[3]

4. The parties shall proceed with discovery on the remaining counts of plaintiff's complaint;

5. The parties shall file a joint status report within twenty (20) days of the date of this order, proposing new pretrial deadlines if necessary. If the parties desire a court-facilitated settlement conference, their report shall include a list of no fewer than three mutually agreeable dates on which to convene such a conference.

---

[3] Plaintiff is permitted but is not required to amend his claim for fraud within the same time period.

This the 26th day of May, 2006.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge